UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY MACEO KENDRICK,

                    Petitioner,                          Case Number 00-10292

v.                                           Honorable David M. Lawson

BARBARA BOCK,

                    Respondent.

_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244

On September 21, 2000, petitioner Henry Maceo Kendrick filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In that petition, Kendrick challenged his convictions for first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. He alleged that his trial in the state court was unfair because the prosecutor's comments deprived him of due process of law in violation of the Fourteenth Amendment, and because he was not afforded the adequate assistance of competent counsel in violation of the Sixth Amendment. The Court found that the prosecutor's comments did not amount to a due process violation and the petitioner's counsel was not constitutionally deficient, and it therefore denied the petition.

On March 17, 2016, the petitioner, who is now in custody at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4). The petitioner contends that his present motion does not present any "claim" subject to review under 28 U.S.C. § 2254, and that it therefore does not constitute a second or successive petition. After reviewing the petitioner's motion, the Court concludes otherwise. The petitioner's present motion plainly attacks the integrity of the same state court criminal conviction

based on alleged defects in the state court proceedings, and it challenges the correctness of this Court's adjudication of his prior habeas petition. The motion therefore is subject to the restrictions on second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), despite its invocation of Rule 60(b)(4). Because this is the petitioner's second attempt to obtain relief under section 2254, the Court must transfer the motion to the court of appeals so that he may seek permission to file a second or successive petition.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

When a habeas petitioner seeks in a motion under Rule 60(b) to advance claims of error in state court criminal proceedings or the federal court's adjudication of a previous habeas petition, the

-2-

motion is, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction — even claims couched in the language of a true Rule 60(b) motion — circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts," as well as "the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532. However, "[w]hen no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533. Where "neither the motion itself nor the federal judgment from which it seeks relief substantively address[] federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Ibid.* "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief [] will of course qualify," and "[a] motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Ibid.*

The present motion is subject to the strictures of section 2244(b)(3) because it attacks the integrity of the state court judgment and this Court's decision on the merits of the previous petition. The petitioner contends that his present motion does not present any "claim" because the state court judgment was "void." In support of that challenge, he alleges that the state court lacked jurisdiction

-3-

because it failed properly to record the proceedings at his arraignment, and because the state court unconstitutionally denied the petitioner his right to the assistance of competent counsel at that proceeding. The petitioner also argues that this Court erred by addressing the merits of his previous claims of prosecutorial misconduct and ineffective assistance of counsel, without first addressing the propriety of the state court's jurisdiction in the criminal proceedings. Those arguments plainly assert new claims of error by the state court and this Court that, according to the petitioner, render his conviction and ongoing confinement constitutionally infirm. The petitioner must make the required showing under section 2244(b)(3) before he may advance those claims in a renewed attack on his conviction under the authority of section 2254. *Gonzalez*, 545 U.S. at 533.

The petitioner cannot proceed with the claims raised in his present motion without first obtaining permission to file a second or successive habeas petition from the court of appeals. The Court therefore will order the Clerk of Court to transfer the motion to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment [dkt. #31] is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the Clerk of Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 25, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI